AMERICAN CENTRAL INSURANCE COMPANY *v.* LEVIN ANTRIM ET AL.

[41 South. Rep., 257.]

TRIALS.  *Instructions.   Error cured by another instruction.*

> Where in the trial of a case on a builder's risk insurance policy the court instructed the jury that plaintiff could not recover if he misled the company and obtained the policy by false statements and concealment of facts, a judgment for the plaintiff will not be reversed because of an erroneous modification of another instruction on the same subject, where the two considered together fairly present the law and are not calculated to mislead.

FROM the circuit court of Yazoo county.

HON. DAVID M. MILLER, Judge.

Antram and others, the appellees, were the plaintiffs in the court below; the insurance company, the appellant, was defendant there.   From a judgment in plaintiffs' favor the defendant appealed to the supreme court.

The case was once before in the supreme court, on the first appeal, and is reported, *American, etc., Insurance Co.* v. *Antram,* 86 Miss., 224 (s.c., 38 South. Rep., 626). On this, the second appeal, the errors assigned are the giving of instruction No. 4 for the plaintiff, which is set out in the opinion of the court, and the modification of instruction No. 1 in behalf of defendant, which is as follows, the modification being indicated by italics:

"(1) If the jury believe from the evidence in this case that at the time the plaintiff, L. Antram, applied to Eggleston, the agent of the defendant company, for insurance, and obtained the policy for $1,200, he represented to the said agent that he (Antram) was constructing a school building which, when complete, would be worth about $3,000, and did not mention that he was engaged in repairing and making additions to an old schoolhouse that were to cost only $1,245, or about that amount, under his contract, *but purposely withheld this information in order to mislead defendant,* and that he afterwards obtained the policy for $1,800 which is in suit upon said representations, and failed and neglected to inform said agent of the true extent he was interested in said building under said contract, and that the said agent relied upon said representations by said Antram and issued said policy for $1,800, based upon and relying upon said representations made by Antram when he applied for insurance, they must find for the defendant."

The following instruction was also given for the defendant:

"(2) If the jury believe from the evidence in this case that, at the time he applied for insurance upon the schoolhouse, plaintiff was under contract to repair and make additions to the schoolhouse and that he, by representations and conduct misled the agent of the defendant, and obtained the policy for $1,800 from defendant by untrue statements and concealments as to his real interest in the property, and that defendant's agent issued said

policy, relying upon representations of plaintiff which were untrue, they must find for the defendant."

*Williamson, Wells & Peyton,* for appellant.

The opinion rendered by Judge TRULY in this case, when here upon the former appeal, announced the law to be, that if the policy was procured by fraudulent representations, the contract of assurance therein is not merely voidable, but is legally non-existent. We think the proof in this case shown by Mr. Antram's own testimony on the subject, that it was clearly an intentional fraud on his part not to tell the facts, but to leave the agent to find out for himself, and the law is that "if the representation is false in substance and is material to the risk, there can be no liability upon the policy, however innocently the misrepresentation may have been made. Whether it was made fraudulently or by mistake, the effect is the same." . 2 Am. & Eng. Ency. Law (2d ed.), 933; *Hollman* v. *Life Ins. Co.,* 1 Woods (U. S.), 674; *Columbia Ins. Co.* v. *Lawrence,* 10 Pet. (U. S.), 516; *Adams* v. *Lafayette Ins. Co.,* 36 La. Ann., 661; *Daniels* v. *Hudson River Ins. Co.,* 59 Am. Dec., 192; *Aetna Ins. Co.* v. *Simmons,* 49 Neb., 811; *Davis* v. *Aetna Ins. Co.,* 67 N. H., 335; *Garrison* v. *Farmers Ins. Co.,* 56 N. J. L., 235; *Chrisman* v. *State Ins. Co.,* 16 Ore., 283; *Freedman* v. *Fire Association,* 168 Pa. St. Rep., 249; *Pelzer Mfg. Co.* v. *Sun Fire Office,* 36 S. C., 213.

"And it has been held that a misrepresentation by the insured of a fact specifically inquired into by the insurer, although not material, will have the same effect in exonerating the latter from the contract as if the fact had been material, since by making such inquiry he implies that he considers it so." *Miller* v. *Mutual Ins. Co.,* 7 Am. Rep., 122.

"Intent of Insured.—Concealment, which is only the effect of accident, negligence, inadvertence or mistake, will, if material, be equally fatal to a contract of insurance as if it were intentional and fraudulent." 28 Cent. Dig., 1150; *Miller* v. *Western Ins. Co.,* 1 Handy, 208; *Union Ins. Co.* v. *Stoney,* Harp., 235.

"An applicant for insurance is bound to disclose fairly and with entire frankness all facts known to him which are material to the risk; and the neglect to do so, even though by inadvertence and without actual fraud, will not vitiate the policy. 28 Cent. Dig., 1150; *Beebe* v. *Hartford Ins. Co.,* 25 Conn., 51.

*Harris & Powell,* for appellee.

The law is settled that a misrepresentation, to have the effect of avoiding a policy, must be a material one—that is to say, a misrepresentation of a fact which is made material by the parties or is material in fact. The rule is laid down thus: "It is held that a material misrepresentation defeats a contract of insurance without any express provision to that effect in the policy; but in order to have this effect it must be materially untrue or untrue in some particular material to the risk. It has been held that if a representation relating to a material matter is substantially true —that is to say, if it is so far true that the conduct of the insurer would not have been different if it had known the exact truth— this will not vitiate the policy.

Now Eggleston, the insurance agent, himself states that he would have issued the policy if everything had been disclosed to him.

There is a very broad distinction in the books as between misrepresentation and concealment. A misrepresentation of a material fact avoids the policy whether fraudulently made or not, but concealment to avoid a policy must be purposely or fraudulently made. The rule is thus laid down in 2 Am. & Eng. Ency. Law (1st ed.), 302: "A concealment is the intentional withholding by the insured from the insurers of facts material and prejudicial to the risk, which ought in good faith to be made known, and its effect is to vitiate the policy. It is the opposite of a representation."

*E. R. Holmes,* on same side.

A concealment exists where the assured has knowledge of a fact material to the risk, and honesty, good faith and fair dealing

requires that he should communicate it to the insurer, but he designedly and intentionally withholds the same. Joyce on Insurance, 1844, citing *Daniels* v. *Hudson River Ins. Co.,* Cush. (Mass.), 416 (59 Am. Dec., 192) ; *Clark* v. *Union Ins. Co.,* 40 N. W. Rep., 333 (77 Am. Dec., 721).

If the act of the assured in withholding material information of a material fact or circumstance is intentional or designed, then it will be actual fraud necessarily avoiding the contract. But it must be understood that if the information is not fraudulently suppressed, or inquired about, a fire policy is not necessarily avoided by a failure to disclose every material fact; differing herein, as already noted, from marine risks. Joyce on Insurance, sec. 1847 ; *Howell* v. *Cincinnati Ins. Co.,* 1 Wash. (C. C.), 283.

In fire insurance contracts it is sufficient, if the insured answer fully such questions as are proposed to him by the insurer, unless he intentionally conceal facts which he knows to be material to the risk. *Boggs* v. *American Ins. Co.,* 30 Mo., 63.

An applicant for fire insurance is not bound to disclose all the facts within his knowledge material to the risk, whether or not inquired by the insurer. *Burritt* v. *Saratoga Ins. Co.,* 5 Hill, 188 (40 Am. Dec., 345).

Where a policy provides that on an omission on the part of the assured to make known to the insurer every fact material to the risk the policy shall be void, failure to disclose facts in regard to the property about which no inquiry is made of insured does not avoid the policy, even though they are material to the risks. *Browning* v. *Home Ins. Co.,* 75 N. Y., 508.

Where a fire policy is issued without formal application by the insured and without any question being put to him as to matters material to the risk, and the policy contains a clause that it will be void if any material fact is concealed, it will not be invalidated by the unintentional concealment by insured of material facts as to which he was not questioned. *Johnson* v. *Scottish Ins. Co.,* 93 Wis., 223 (67 N. W. Rep., 416) ; Woods on Insurance, 388 ;

*VanKirk* v. *Ins. Co.,* 53 Wis., 136 (10 N. W. Rep., 91); *Dunbar* v. *Ins. Co.,* 72 Wis., 500 (40 N. W. Rep., 386).

WHITFIELD, C. J., delivered the opinion of the court.

The erroneous instruction on account of which this case was formerly reversed (86 Miss., 224; 38 South. Rep., 626) was left out of the record on the second trial. The leading and fundamental error of learned counsel for appellant on this trial consists in the assumption that Antram was only to receive $1,232 in cash for his services in connection with the school building, whereas he over and over testified that he was to receive that sum in cash and the material in the old building. Antram testified that the material in the old building was worth $1,650. If this sum be added to the $1,232 in cash, it is obvious that the value of the interest he had would be about $3,000, and appellant's whole contention, in the last analysis, comes simply to this: That Antram had represented that he was working on a building which, when completed, would be worth about $3,000. Antram shows that it was worth from $3,100 to $3,200 when it burned. Now Eggleston, the insurance agent, himself testifies that if the value of the building had been $3,000, he would have issued the policy for $1,800. Indeed, he shows that he would have issued it for more. It is impossible, on this state of the evidence, to say that there was any material misrepresentation. At all events, it was left to the jury to say whether there was any fraudulent misrepresentation, and their verdict is conclusive on this proposition against appellant.

Appellant insists that there was error in modifying his first instruction by adding the words, "but purposely withheld this information in order to mislead the defendant." We do not think this was an erroneous modification; but if it were, it was manifestly cured by the giving of the second instruction for the appellant.

Appellant's most strenuous contention is, however, that the

fourth instruction was improperly refused.    That instruction is as follows

"The jury are instructed for the defendant in this suit that, if they believe from the evidence in this case that Antram, the plaintiff, made contract with the trustees of the school to make additions to and repairs on an old schoolhouse for the sum of $1,232, and that it was not stipulated in the written contract between Antram and the trustees that Antram was to insure the building for the benefit of the trustees, or that he was to rebuild the old house in case of destruction by fire, and that Antram applied for and obtained from defendant the policy for $1,800, stating that he had a builder's risk at Flora which would be worth about $3,000 when completed, and failed to explain that he was adding to and repairing an old building at a price much less than $1,800, and by such failure to explain. and by such misrepresentations the agent of the company was induced to issue said policy for $1,800, relying upon the statement and misrepresentation of Antram as to the value of said building, they must find for the defendant."

This instruction was properly refused for two reasons : First, it assumes that Antram solicited the insurance, whereas Eggleston testifies himself that he solicited the insurance; second, it assumes as a fact that the $1,232 was the whole consideration to be received by Antram, when, as stated, the testimony over and over shows the contrary.

*The judgment is affirmed.*